IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KAYLON DANIELS**                                                                                    **PLAINTIFF**

v.                                       **Case No. 4:20-cv-01055-KGB**

**W&W-AFCO STEEL, LLC**                                                             **DEFENDANT**

**ORDER**

Before the Court is defendant W&W-AFCO Steel, LLC's ("W&W-AFCO Steel") motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 7). Plaintiff Kaylon Daniels filed a response, and W&W-AFCO Steel replied (Dkt. Nos. 9, 13). For the following reasons, the Court grants W&W-AFCO Steel's motion to dismiss and dismisses without prejudice Mr. Daniels' claim (Dkt. No. 7).

I.   **Background**

Mr. Daniels filed his original complaint in the Circuit Court of Pulaski County, Arkansas, against WWS/AFCO, LLC on June 17, 2020, alleging that, on or about August 17, 2018, Mr. Daniels sustained bodily injuries involving a laceration to his lower right extremity resulting in pain, suffering, and mental anguish that made significant medical intervention necessary at W&W-AFCO Steel's place of business in Little Rock, Arkansas (Dkt. No. 2, ¶ 1–2). On August 12, 2020, Mr. Daniels amended his complaint to correct the name of the defendant currently before the Court to W&W-AFCO Steel (Dkt. No. 3, ¶ 2). On August 31, 2020, W&W-AFCO Steel removed this case to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 (Dkt. No. 1).

Mr. Daniels was placed with W&W-AFCO Steel through R&C Staffing, Inc., in accordance with the Terms of Agreement for Staffing Services, dated July 11, 2016, by and among R&C Staffing Services and W&W-AFCO Steel (Dkt. No. 8-1, ¶¶ 2, 6). According to W&W-

AFCO Steel, Mr. Daniels was a temporary employee who was subject to an introductory period, during which he was being evaluated for full-time employment (*Id*., ¶¶ 4–5). W&W-AFCO Steel's handbook provides that this "introductory period [was] normally ninety (90) calendar days." (*Id.*, ¶ 5). W&W-AFCO Steel asserts that it had the right to control, and did control, the details of Mr. Daniels' work as a Temporary Fabrication Trainee at the Davis Storage Yard (*Id.*, ¶¶ 6–8). Mr. Daniels underwent testing and "Employee Orientation and Training" provided by W&W-AFCO that had the purpose of "inform[ing] all new employees of AFCO Steel's company policies, standards and operational procedures and to inform the employee why these policies and standards [were] in place" (*Id.*, at 18–29). Mr. Daniels' job performance was also reviewed formally on an Employee Evaluation Form by his department supervisor, Thomas Williams, on at least one occasion (*Id.*, at 29).

Mr. Daniels alleges that he was never an employee, not even a temporary employee, of W&W-AFCO Steel, but rather he alleges only that he was an employee of R&C Staffing Services on temporary assignment at W&W-AFCO Steel **(**Dkt. No. 7, ¶ 3; Dkt. No 8-3, ¶ 1**)**. According to W&W-AFCO Steel, Mr. Daniels was involved in a workplace accident while assisting other W&W-AFCO Steel employees load steel beams for shipping on August 17, 2018, at W&W-AFCO Steel's Davis Storage Yard (Dkt. No. 2, ¶¶ 2–3). W&W-AFCO Steel contends Mr. Daniels was working as a Temporary Fabrication Trainee at the time of this incident (*Id.*).

Following the incident, Mr. Daniels filed his initial claim for compensation against R&C Staffing Services in the Arkansas Workers' Compensation Commission ("the Commission") on August 22, 2018 (Dkt. No. 8-2). Mr. Daniels and R&C Staffing Services settled Mr. Daniels' claim and filed a Stipulation and Joint Petition in the Commission on June 10, 2019, where Mr. Daniels stipulated that he had "sustained a compensable accidental injury. . . while working on

temporary assignment at Afco . . ." (Dkt. No. 8-3, at 1).  The Commission approved the settlement between Mr. Daniels and R&C Staffing Services (Dkt. No. 8-4).

W&W-AFCO Steel moves to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure (Dkt. No. 7).  W&W-AFCO Steel maintains that, because it was Mr. Daniels' "special employer," the Arkansas Workers' Compensation Act provides Mr. Daniels the exclusive remedy for the injuries alleged in his amended complaint, and the Arkansas Workers' Compensation Commission provides the exclusive forum for those alleged injuries (Dkt. No. 7).

Mr. Daniels opposes the motion to dismiss and maintains that W&W-AFCO Steel is collaterally estopped from arguing that it is his employer.  Mr. Daniels contends that the Arkansas Workers' Compensation Commission made a "finding that R&C Staffing, Inc., was Plaintiff's employer (and no other entity) for the injuries he sustained" and that such a finding "is binding on the Defendant in this cause, as it is a finding by another agency that R&C Staffing, Inc. not the Defendant herein, was the employer of the Plaintiff at the time Plaintiff sustained his bodily injuries." (Dkt. No. 9, at 2).

Mr. Daniels also asserts that W&W-AFCO Steel waived the ability to make its jurisdiction argument because it "never provided workers compensation coverage for the Plaintiff, relative to the injuries he sustained in the traumatic event" and "by not having intervened in the related workers' compensation claim and contending Plaintiff was a statutory employee" (*Id.*, at 2–3). Further Mr. Daniels argues that the relevant factors as compared to the tasks he performed and his relationship to W&W-AFCO Steel do not demonstrate that he was an employee of W&W-AFCO Steel (*Id.*, at 3–4).

Finally, Mr. Daniels asserts that R&C Staffing and W&W-AFCO Steel entered into a contractual agreement where "it is noted workers' compensation coverage for the employee was

3

specifically excluded as to the Defendant" and that this position, "together with the subrogation demand made by R&C Staffing, Inc.'s workers' compensation insurance carrier. . . clearly indicates the intent of the parties was R&C Staffing, Inc. was to be Plaintiff's only employer." (*Id.*, at 4–5).

## II. Motion to Dismiss For Lack of Subject-Matter Jurisdiction

W&W-AFCO Steel claims that Mr. Daniels' claims should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Court lacks subject matter jurisdiction over this matter (Dkt. No. 7). W&W-AFCO Steel contends that the Arkansas Worker's Compensation Act provides Mr. Daniels the exclusive remedy for the injuries alleged in his amended complaint, and the Arkansas Workers' Compensation Commission provides the exclusive forum for those alleged injuries (*Id.*). Mr. Daniels counters that this Court does have jurisdiction because the Arkansas Worker's Compensation Act is not an exclusive remedy for his claims and because diversity of citizenship is satisfied (Dkt. No. 9). In his response, Mr. Daniels asserts affirmative defenses of collateral estoppel, waiver, employee status, and contractual agreement (*Id.*). W&W-AFCO Steel asserts that Mr. Daniels' reply is untimely and should be stricken (Dkt. No 13). The Court addresses each argument in turn.

### A. Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction to hear the case. "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.

1993) (internal citations omitted). "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). "In a factual attack, the court considers matters outside the pleadings and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* At the motion to dismiss stage, because the gravamen of the motion to dismiss is subject matter jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Thus, when considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of establishing jurisdiction. *Id.* Additionally, the Court can make credibility determinations and weigh conflicting evidence. *T.L ex rel. Ingram v. United States*, 443 F.3d 956, 961 (8th Cir. 2006).

W&W-AFCO Steel maintains that Mr. Daniels has "ailed to plead all the facts material to the question of this Court's subject matter jurisdiction and that W&W-AFCO Steel has been compelled to bring a factual attack on the Court's subject matter jurisdiction (Dkt. No. 8, at 5). Because this is a factual attack, the Court will consider the pleadings and matters outside of the pleadings, such as testimony and affidavits, to determine whether it has subject matter jurisdiction over this case. *See Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914–15 (8th Cir. 2015).

### B. Timeliness of Mr. Daniels' Response to W&W-AFCO's Motion to Dismiss

Local Rule 7.2 of the United States District Court for the Eastern and Western Districts of Arkansas govern motions filed with the Court. Local Rule 7.2(b) provides that "[w]ithin fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with

supporting authorities. . . [and] Fed. R. Civ. P. 6, including subparagraph 6(d), determines how the days are counted under this local rule, unless the Court specifies otherwise." Federal Rule of Civil Procedure 6(a) counts "every day, including intermediate Saturdays, Sundays, and legal holidays" when calculating a stated period. Local Rule 7.2(f) further provides that "[t]he failure to timely respond to any nondispositive motion, as required by the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, or by any local rule, shall be an adequate basis, without more, for granting relief sought in said motion."

W&W-AFCO Steel filed its motion to dismiss on September 8, 2020 (Dkt. No. 7), and Mr. Daniels filed his response to that motion on September 28, 2020 (Dkt. No. 9), without filing a motion for leave to file a response. Mr. Daniels' response was filed within 14 weekdays of W&W-AFCO Steel's motion to dismiss, but not within 14 days as calculated under Federal Rule of Civil Procedure 6. The Court acknowledges the response is untimely. However, because this is a dispositive motion, the Court will exercise its discretion and consider the response when determining whether it possesses subject matter jurisdiction in this case.

        C.      **Collateral Estoppel**

Before turning to W&W-AFCO Steel's arguments regarding this Court's subject matter jurisdiction, the Court must satisfy itself that W&W-AFCO Steel may raise these issues and is not collaterally estopped from doing so. Collateral estoppel or issue preclusion is the legal principle that forbids parties involved in previous litigation from relitigating issues that the parties had a full and fair opportunity to litigate in a previous proceeding. *Powell v. Lane*, 289 S.W.3d 440, 444 (Ark. 2008). For an issue to qualify as precluded under collateral estoppel:

> the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment.

6

*Id.*; *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979); *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983).  The test for issue preclusion is indistinguishable across the Eighth Circuit and in Arkansas state courts.  *See Lovell*, 719 F.2d at 1376; *Powell*, 289 S.W.3d at 444.

In response to Mr. Daniels' arguments, W&W-AFCO Steel argues that the Arkansas Workers' Compensation Commission did not find that R&C Staffing was Mr. Daniels' sole employer (Dkt. No. 13, at 6–7).  Instead, W&W-AFCO Steel asserts that Mr. Daniels, R&C Staffing, and the insurer stipulated that Mr. Daniels "sustained a compensable accidental injury in the form of a laceration to his right calf of his lower right extremity on August 17, 2018, while working on a temporary assignment at [W&W-AFCO Steel] while employed by respondent, R&C Staffing, Inc." and that the Arkansas Workers' Compensation Commission "simply 'approved' the [stipulation] of those three parties." (*Id.*).

Even with this, W&W-AFCO Steel asserts that a stipulation that R&C Staffing was Mr. Daniels' employer does not preclude a finding that W&W-AFCO Steel was Mr. Daniels' "special employer," citing *Daniels v. Riley's Health & Fitness Centers*, 840 S.W.2d 177, 178 (Ark. 1992) (Dkt. No. 13, at 7).  Moreover, W&W-AFCO Steel asserts that "the identities of Plaintiff's employers was not 'actually litigated' in the Arkansas Workers' Compensation Commission, the issue of the identities of Plaintiff's employers was not determined by a final judgment or order, the issue of whether W&W-AFCO Steel was Plaintiff's 'special employer' was not even raised in the Arkansas Workers' Compensation Commission, and W&W-AFCO Steel did not participate in the Arkansas Workers' Compensation Commission proceedings." *(Id.*, at 7–8).

Having reviewed the controlling legal authorities and the record before the Court at this stage of the litigation, the Court agrees that W&W-AFCO Steel is not collaterally estopped from

raising this issue with respect to its status as Mr. Daniels' special employer and the exclusivity of that Arkansas Workers' Compensation Act.

### D. Waiver

The Court also must satisfy itself with respect to Mr. Daniels' arguments regarding waiver before turning to W&W-AFCO Steel's motion. Mr. Daniels cites no law and very few facts in support of his waiver argument. W&W-AFCO Steel counters that it did in fact provide for workers' compensation coverage for Mr. Daniels, citing W&W-AFCO Steel's agreement with R&C Staffing which provides:

> R&C Staffing, Inc. will maintain Workers' Compensation insurance including Employer's Liability coverage to cover claims involving bodily injury to Lease Employees with minimum limits of $1,000,000, which claims may arise out of or related to work assignments carried out on behalf of Client [i.e., W&W-AFCO Steel] is named as an Alternate Employer under the coverage and a copy of the endorsement shall be provided.

(Dkt. No. 13, at 8–9). For these reasons, W&W-AFCO Steel maintains that it did not waive the workers' compensation exclusivity for lack of coverage (*Id.*, at 9).

Further, W&W-AFCO Steel asserts that it is not bound by the Arkansas Workers' Compensation Commission proceedings and had no obligation to intervene in those proceedings because it was not named and noticed as a party in the Arkansas Workers' Compensation Commission (*Id.*, at 9).

Having reviewed the controlling legal authorities and the record before the Court at this stage of the litigation, the Court agrees that W&W-AFCO Steel has not waived its ability to raise this issue with respect to its status as Mr. Daniels special employer and the exclusivity of that Arkansas Workers Compensation Act.

### E. Whether Arkansas Workers' Compensation Act Is Mr. Daniels' Exclusive Remedy

The Arkansas Workers' Compensation Act provides that "[t]he rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his or her legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer . . . ." Ark. Code Ann. § 11-9-105(a)(1). This section of the Arkansas Workers' Compensation Act is known as the exclusivity doctrine and provides that, "if an employee is granted a right or remedy under the Workers' Compensation Act, the employee is limited to relief provided under the Act." *Truman Arnold Companies v. Miller Cnty. Circuit Court*, 513 S.W.3d 838, 840 (Ark. 2017). The question of "whether the Act provides a right or remedy" is a "question[] of fact solely within the jurisdiction of the [Workers' Compensation] Commission to decide . . . unless the facts are so one-sided that the issue is no longer one of fact but one of law." 513 S.W.3d at 840 (citing *VanWagoner v. Beverly Enters.*, 970 S.W.2d 810, 812 (Ark. 1998)).

The Supreme Court of Arkansas "has consistently held that if there are questions of fact about whether the Act provides a right or remedy, those questions of fact are solely within the jurisdiction of the Commission to decide." *Truman*, 513 S.W.3d at 840. Further, Arkansas law is clear that "claims of an employer's negligence, which result in physical injury are covered exclusively by the Workers' Compensation Act and fall within the exclusive jurisdiction of the Commission." 513 S.W.3d at 841 (citing *Int'l Paper Co. v. Clark Cnty. Circuit Court*, 289 S.W.3d 103 (Ark. 2008)).

The Arkansas Workers' Compensation Act is applicable to general employers and special employers. *Edgin v. Entergy Operations, Inc.*, 961 S.W.2d 724, 727 (Ark. 1998). Further, the Supreme Court of Arkansas has held that "workers, who were employed by temporary

employment agencies and [who] were injured while working their assigned jobs for a special employer, were not entitled to bring suit against those special employers, as such claims were barred by the exclusive-remedy provision of [the Arkansas] Workers' Compensation Act." *Id.* The Court of Appeals of Arkansas has noted that staffing agencies exist and are relevant in today's market and that dual employment may exist when determining the exclusivity of the workers' compensation remedy. *Randolph v. Staffmark*, 456 S.W.3d 389, 393 (Ark. Ct. App. 2015).

The Arkansas Workers' Compensation Act applies to a special employer, under the dual employment doctrine, if three factors are met: (1) the employee has made a contract for hire, express or implied, with the special employer; (2) the work being done is essentially that of the special employer; and (3) the special employer has the right to control the details of the work. *Randolph*, 456 S.W.3d at 391 (citing *Daniels v. Riley's Health & Fitness Ctrs.*, 840 S.W.2d 177, 178 (Ark. 1992)).

There is some evidence in the record before the Court to support W&W-AFCO Steel's argument that it is a special employer. First, there is a contract for hire that can be implied from the contract between W&W-AFCO Steel and R&C Staffing with regard to Mr. Daniels because W&W-AFCO Steel had the ability to "transfer [R&C Staffing's] employee to [W&W-AFCO Steel's] payroll after the employee has worked for R&C Staffing, Inc/ R&C Staffing, Inc. Staffing for 12 consecutive weeks, based on a 40 hour work week, with no additional cost" (Dkt. No 8-1, at 2). The first element of the dual employment doctrine is satisfied for W&W-AFCO Steel to be considered a special employer.

As to the second element, Mr. Daniels was doing the work of W&W-AFCO Steel when he was loading steel beams in the Davis Storage Yard that W&W-AFCO Steel controlled. R&C Staffing is the staffing agency that officially employed Mr. Daniels, but at the time of the accident,

Mr. Daniels was doing the work of W&W-AFCO Steel for the benefit of W&W-AFCO Steel's customers (Dkt. No. 8-1, ¶¶ 6–8).

The third element relates to the second because W&W-AFCO Steel exercised control over the details of the work. W&W-AFCO Steel's control is evidenced by Mr. Daniels signing the W&W-AFCO Steel handbook and receiving training and supervision from W&W-AFCO Steel to perform the job as a Steel Fabrication Trainee (Dkt. No.8-1, at 18–29).

However, Mr. Daniels argues against these conclusions, citing several factors and record evidence that he contends weigh in his favor and require the Court to find against W&W-AFCO Steel being a special employer (Dkt. No. 9, at 3). Mr. Daniels also cites to provisions in the contract between R&C Staffing and W&W-AFCO Steel, along with the subrogation demand made by R&C Staffing's insurance carrier of W&W-AFCO Steel, to support his claim that W&W-AFCO Steel contractually agreed not to be Mr. Daniels employer or special employer for purposes of Arkansas Workers' Compensation (*Id.*, at 4–6).

Having reviewed the controlling legal authorities and the record before the Court at this stage of the litigation, the Court determines that the facts are not so one-sided at this motion to dismiss stage to permit this Court to resolve the issue. There are disputed issues of fact that this Court is not permitted to resolve; the Arkansas Supreme Court makes clear that the Arkansas Workers' Compensation Commission has exclusive original jurisdiction to determine the facts that establish jurisdiction in these circumstances. *Ray v. Thomas*, Case No. 07-cv-1076, 2009 WL 2600521 (W.D. Ark. Aug. 21, 2009). As a result, the Court dismisses without prejudice this lawsuit for lack of subject matter jurisdiction.

### III.  Conclusion

For these reasons, the Court determines W&W-AFCO Steel is not collaterally estopped from raising and has not waived these arguments.  The Court also determines that, because the facts are not so one-sided at this motion to dismiss stage to permit this Court to resolve as a matter of law whether W&W-AFCO Steel was Mr. Daniels' special employer at the time giving rise to his claim, the Court grants W&W-AFCO Steel's motion to dismiss (Dkt. No. 7).

It is so ordered this 31st day of March, 2022.

_____
Kristine G. Baker
United States District Judge